| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANDREW R. LOPEZ, | | Case No. 1:20-cv-01696-SAB-HC |
| | Petitioner, | ORDER TRANSFERRING CASE TO THE NORTHERN DISTRICT OF CALIFORNIA |
| v. | | |
| JAMES ROBINSON, | | |
| | Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner is currently incarcerated at Pelican Bay State Prison, serving an indeterminate sentence of seventeen years to life. (ECF No. 1 at 1–2).[1] On October 29, 2020, Petitioner filed the instant petition for writ of habeas corpus in the United States District Court for the Northern District of California. (ECF No. 1). On December 1, 2020, the United States District Court for the Northern District of California transferred the petition to this Court. (ECF No. 6).

In the petition, Petitioner challenges a prison disciplinary proceeding in which he was found guilty of fighting and penalized with a ninety-day loss of custody credit. (ECF No. 1 at 1, 5, 17–26). This action may be either a habeas or civil rights action. See Nettles v. Grounds, 830 F.3d 922, 934 (9th Cir. 2016) (en banc) (If "success on [Petitioner]'s claims would not

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1 necessarily lead to his immediate or earlier release from confinement, [Petitioner]'s claim does
2 not fall within 'the core of habeas corpus,' and he must instead bring his claim under § 1983."
3 (quoting Skinner v. Switzer, 562 U.S. 521, 535 n.13 (2011))). In either case, the action should be
4 transferred back to the Northern District of California.

5        When a state prisoner files a habeas petition in a state that contains two or more federal
6 judicial districts, the petition may be filed in either the judicial district in which the petitioner is
7 presently confined or the judicial district in which he was convicted and sentenced. See 28
8 U.S.C. § 2241(d); Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004) (quoting Carbo v. United
9 States, 364 U.S. 611, 618 (1961)). Petitions challenging the execution of a sentence are
10 preferably heard in the district where the inmate is confined. See Dunne v. Henman, 875 F.2d
11 244, 249 (9th Cir. 1989). Petitions challenging convictions or sentences are preferably heard in
12 the district of conviction. See Laue v. Nelson, 279 F. Supp. 265, 266 (N.D. Cal. 1968). Section
13 2241 further states that, rather than dismissing an improperly filed action, a district court, "in the
14 exercise of its discretion and in furtherance of justice may transfer" the habeas petition to another
15 federal district for hearing and determination. 28 U.S.C. § 2241(d); see also 28 U.S.C. § 1404(a)
16 (court may transfer any civil action "to any other district or division where it might have been
17 brought" for convenience of parties or "in the interest of justice").

18        In the instant case, the Northern District of California transferred the petition to this
19 Court because "Petitioner challenges his state conviction from the Superior Court of Stanislaus
20 County." (ECF No. 6 at 1). Although the petition provides information regarding Petitioner's
21 underlying conviction and sentence, Petitioner specifically notes that "[t]his case involves Due
22 Process & Equal Protections violations with time credit loss & Parole." (ECF No. 1 at 1).

23        "Under the law of the case doctrine, the transferee court should not revisit the transferor
24 court's characterization of the petition unless that characterization was 'clearly erroneous' or
25 would result in 'manifest injustice.'" Muth v. Fondren, 676 F.3d 815, 818 (9th Cir. 2012) (citing
26 Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 & n.5 (1988)). The Court also
27 "may have discretion to depart from the law of the case where . . . other changed circumstances
28 exist." United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997).

Here, the Court finds that the United States District Court for the Northern District of California's characterization of the petition was clearly erroneous. The instant petition attacks a disciplinary conviction and associated loss of credit which amounts to a challenge to the execution of Petitioner's sentence. Petitioner is presently confined at Pelican Bay State Prison in Del Norte County, which is within the jurisdictional boundaries of the United States District Court for the Northern District of California. See 28 U.S.C. § 84(a). Therefore, as the petition challenges the execution of Petitioner's sentence, it is preferably heard in the district of confinement, which is the Northern District of California.

If the petition is construed as a civil rights action, venue is governed by 28 U.S.C. § 1391, which provides that a civil action, other than one based on diversity, be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

Here, Petitioner asserts claims regarding events that occurred at Pelican Bay State Prison, which is in the Northern District of California. Therefore, venue is still appropriate in the Northern District of California even if the petition is construed as a § 1983 complaint.

Accordingly, IT IS HEREBY ORDERED that this action is transferred to the United States District Court for the Northern District of California.

IT IS SO ORDERED.

Dated:   **January 12, 2021**

_____
UNITED STATES MAGISTRATE JUDGE