UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANDREW R. LOPEZ,

    Petitioner,

v.

JAMES ROBERTSON,

    Respondent.

Case No. 21-cv-00412-JST

**ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS; DENYING CERTIFICATE OF APPEALABILITY**

Petitioner, an inmate at Pelican Bay State Prison,[1] filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition[2] is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

**DISCUSSION**

**A.  Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in

---

[1] The Clerk of the Court is directed to correct the spelling of Respondent's last name. The warden of Pelican Bay State Prison is James Robertson, as specified in the petition. The Clerk shall change the name from Robinson to Robertson.

[2] Petitioner has appeared before this Court before. He has filed at least two civil rights action in this Court: (1) C No. 17-2087 PJH, *Lopez v. Olson, et al.*, which alleged that Plaintiff was receiving inadequate medical care at Pelican Bay State Prison and was dismissed because Plaintiff failed to pay the filing fee and was not eligible for *in forma pauperis* status because he had suffered three strikes pursuant to 28 U.S.C. § 1915(g); and (2) C No. C No. 08-4543 MHP, *Lopez v. Florez, et al.*, which was transferred to the Eastern District of California. He has also filed at least four habeas petitions, including this one: (1) C No. 20-cv-8988 JST, *Lopez v. Robertson*, which challenged disciplinary violations issued on July 18, 2018 and February 26, 2019, and which was dismissed for lack of habeas jurisdiction without prejudice to re-filing as a civil rights action; (2) C No. 04-0993 MHP, *Lopez v. Scribner*, which was transferred to the Eastern District of California; and (3) C No. 04-cv-0994 MHP, *Lopez v. Warden at California State Prison-Corcoran*, which was transferred to the Eastern District of California.

1  custody pursuant to the judgment of a state court only on the ground that he is in custody in
2  violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v.*
3  *Hodges*, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing
4  the respondent to show cause why the writ should not be granted, unless it appears from the
5  application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

### B.  Petitioner's Claims

The petition challenges a rules violation for fighting received by Petitioner, arising out of an incident on November 18, 2018, when Petitioner and inmate Ramirez were attacked by inmate Raper. Petitioner was found guilty of this rules violation. Petitioner alleges that the Parole Board "deems the guilty finding adversely." ECF No. 1 at 5. Petitioner argues that this guilty finding violated due process, violated the Equal Protection Clause, denied him the right to defend himself, and that the hearing officer falsified the record. *See generally* ECF No. 1. Petitioner seeks expungement of the disciplinary violation.

### C.  Dismissal for Lack of Habeas Jurisdiction

"'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus.'" *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004)). Habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier release'" from confinement. *Skinner v. Switzer*, 562 U.S. 521, 533-34 (2011) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)); *see Calderon v. Ashmus*, 523 U.S. 740, 747 (1998). A challenge to a disciplinary finding that resulted in an assessment of time credits must be brought in habeas if reinstatement of the time credits would "necessarily spell speedier release." *Id.* at 525.

Here, habeas jurisdiction is lacking because success on Petitioner's claims would not shorten or end his sentence. Petitioner is serving an indeterminate life term with the possibility of parole. *Lopez v. Calderon*, No. F049556, 2007 WL 257965, at *1 (Cal. Ct. App. Jan. 31, 2007). To the extent that Petitioner is arguing that the expungement of the guilty finding infractions

United States District Court
Northern District of California

would favorably impact his parole eligibility, this argument also fails to state a claim for habeas jurisdiction. Under California law, in determining parole suitability, the parole board must consider all "relevant, reliable information available." 15 Cal. Code Regs. § 2281(b). A disciplinary infraction would be a relevant but not dispositive factor. *See generally id.* Similarly, the lack of disciplinary infractions during incarceration, while relevant, is also not dispositive of parole suitability. *See id.* (requiring parole board to consider *inter alia* prisoner's social history, past and present mental state, past criminal history). The Ninth Circuit has specifically found that there is no habeas jurisdiction for claims challenging a disciplinary finding on the grounds that the disciplinary finding affects the petitioner's parole suitability finding. *Nettles v. Grounds*, 830 F.3d 922, 927-28 (9th Cir. 2016) (en banc). Similar to Petitioner, the prisoner-petitioner in *Nettles* was serving a life sentence and had challenged a prison disciplinary decision that he alleged was impeding his ability to be granted parole. The Ninth Circuit concluded that habeas jurisdiction was absent due to the fact that success on the merits "would not necessarily lead to immediate or speedier release because the expungement of the challenged disciplinary violation would not necessarily lead to a grant of parole." *Nettles*, 830 F.3d at 934-35. Under state law, the inmate had to be found suitable for parole before he would be granted parole; "the presence of a disciplinary infraction does not compel the denial of parole, nor does an absence of an infraction compel the grant of parole." *Id.* at 935. Parole decisions are based on many factors, prison disciplinary decisions being just one of them. *Id.* Because Petitioner is serving an indeterminate life term, the Court finds that there is no habeas jurisdiction for his due process claims relating to his two disciplinary infractions. *Nettles*, 830 F.3d at 927, 934-35. The Court DISMISSES this petition for a writ of habeas corpus for lack of jurisdiction. The dismissal is without prejudice to Petitioner filing a new civil rights action asserting his challenges to the disciplinary decisions. *See Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003) ("habeas jurisdiction is absent, and a [section] 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence.").

## CERTIFICATE OF APPEALABILITY

The Court concludes that no "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right [or] that jurists of reason would find it

1  debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529
2  U.S. 473, 484 (2000).  Accordingly, a certificate of appealability is DENIED.

### CONCLUSION

For the reasons set forth above, the petition for writ of habeas corpus is DISMISSED, and a certificate of appealability is DENIED.  The dismissal is without prejudice to Petitioner filing a new civil rights action asserting his challenges to the disciplinary decisions.  The Clerk shall send Petitioner two copies of the civil rights complaint form.  The Clerk is also directed to correct the spelling of Respondent's last name to Robertson.  The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: August 23, 2021



JON S. TIGAR
United States District Judge